# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| BEEMAC, INC. | CIVIL DIVISION |
| Plaintiff | Case No.: 10774-2020 |
| v. | **COMPLAINT** |
| REPUBLIC STEEL, | Filed on Behalf of Plaintiff Beemac, Inc. |
| Defendant. | Counsel of Record for This Party: |

Daniel B. McLane
Pa. ID No. 77019
dmclane@eckertseamans.com

Thomas E. Sanchez
Pa. ID No. 311199
tsanchez@eckertseamans.com

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
Firm No. 075
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-6000
(412) 566-6099 *(facsimile)*

**JURY TRIAL DEMANDED**

# IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA
# CIVIL DIVISION

| | |
|---|---|
| BEEMAC, INC. | : CIVIL DIVISION |
| Plaintiff | : Case No.: 10774-2020 |
| v. | : |
| REPUBLIC STEEL, | : |
| Defendant. | : |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE OF THE BEAVER COUNTY BAR ASSOCIATION
788 Turnpike Street
Beaver, PA 15009
Telephone Number: (724) 728-4888

# IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA
# CIVIL DIVISION

| | | |
|---|---|---|
| BEEMAC, INC. | : | CIVIL DIVISION |
| Plaintiff | : | Case No.: 10774-2020 |
| v. | : | |
| REPUBLIC STEEL, | : | |
| Defendant. | : | |

FILED OR ISSUED 2020 SEP -2 AM 9:06
MICHAEL ROSSI PROTHONOTARY BEAVER COUNTY, PA

## COMPLAINT

Plaintiff Beemac, Inc. ("Beemac"), by its attorneys, Eckert Seamans Cherin & Mellott, LLC, files this Complaint against Defendant Republic Steel.

### I. PARTIES

1. Plaintiff Beemac is a Pennsylvania corporation with a principal place of business located at 2747 Legionville Road, Ambridge, PA.

2. Upon information and belief, Defendant Republic is an Ohio corporation with a principal place of business located at 2633 Eighth Street, Canton, OH.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant Republic and the claims stated herein because all of the matters which gave rise to this action occurred within Beaver County and the Commonwealth of Pennsylvania.

4. Venue is appropriate with this Court because the material facts with gave rise to this action occurred within Beaver County.

### III. BACKGROUND

5. Beemac is a professional trucking and logistics company that provides trucking, logistics, port, warehousing and other specialized for-hire transportation services of property.

6. In early 2019, Defendant Republic requested Beemac to respond to a Request for Quotation concerning transportation service rates for certain lanes designated by Defendant Republic for its business needs.

7. Beemac offered Defendant Republic specific lane rates effective as of April 1, 2019 and Defendant Republic informed Beemac that it accepted Beemac's offered rates for those lanes. Thereafter, Defendant Republic confirmed the agreement and retained Beemac on numerous occasions to provide flatbed truck load shipment services for Defendant Republic's business needs within designated lanes at Beemac's offered rates beginning on or about April 1, 2019.

8. In approximately March of 2020, Defendant Republic requested Beemac to provide a new response to Defendant Republic's Request for Quotation for rates to provide trucking services effective as of April 1, 2020.

9. Beemac offered Defendant Republic specific lane rates effective as of April 1, 2020 and Defendant Republic informed Beemac that it accepted Beemac's offered rates for those lanes. Thereafter, Defendant Republic confirmed the agreement and retained Beemac on numerous additional occasions to provide flatbed truck load shipment services for Defendant Republic's business needs within designated lanes at Beemac's offered rates beginning on or about April 1, 2020.

10. As such, Defendant Republic entered into a contractual agreement in 2019 and 2020 with Beemac wherein Beemac offered specific lane rates effective as of April 1, 2019 and April 1, 2020. Defendant Republic informed Beemac that it accepted Beemac's offered rates for those

lanes in both 2019 and 2020. Thereafter, Defendant Republic confirmed its acceptance of the agreement at Beemac's offered rates and retained Beemac on numerous occasions to provide flatbed truck load shipment services for Defendant Republic's business needs within designated lanes at Beemac's offered rates in both 2019 and 2020 (the "Agreement"). The bill of lading and invoice documents establishing the terms of the Agreement based upon Defendant Republic's repeated acceptance of Beemac's offered rates for each ordered transported load in 2019 and 2020 are too numerous to attach to this Complaint.

11. For each order, Defendant Republic represented to Beemac that Defendant Republic agreed to pay the agreed upon rates in 2019 and 2020 pursuant to the Agreement.

12. Pursuant to the Agreement, and in direct and reasonable reliance upon Defendant Republic's representations, Beemac fulfilled all of its obligations to Defendant Republic and provided substantial transportation services at the request of Defendant Republic throughout 2019 and 2020.

13. Beemac reasonably and justifiably relied to its detriment on Defendant Republic's representations and assurances that in exchange for Beemac's transportation services at the offered rates in 2019 and 2020, Defendant Republic would pay Beemac pursuant to the Agreement for the agreed upon rates for Beemac's transportation services.

14. Defendant Republic readily accepted the benefit of Beemac's transportation services for the specific lane rates offered by Beemac in 2019 and 2020.

15. Defendant Republic was promptly and properly invoiced for the transportation services provided by Beemac in both 2019 and 2020 for the agreed upon rates that had been offered by Beemac and accepted by Defendant Republic.

16. Despite Beemac's repeated demands, Defendant Republic has refused to make payment of the amounts due for Beemac's transportation services in 2019 and 2020 pursuant to the Agreement.

17. Defendant Republic has therefore materially breached the Agreement by failing to make payment to Beemac in the combined amount of $2,232,811.50 for the transportation services that Beemac provided, and Defendant Republic readily accepted, in 2019 and 2020.

18. Despite being invoiced every thirty (30) days for the amounts due and owing, Defendant Republic has failed and refused to make payment to Beemac.

19. Despite Beemac's repeated demands, Defendant Republic has failed and refused to pay the $2,232,811.50, or any other amounts, now long past due to Beemac.

20. Defendant Republic's actions have been intentional and without any justification.

21. Defendant Republic has acted in bad faith and has damaged Beemac.

22. All conditions precedent to the filing of this Complaint have been satisfied by Beemac.

## COUNT I

### BREACH OF CONTRACT

23. Beemac incorporates Paragraphs 1 through 22 of the Complaint as though they were set forth at lengthy herein.

24. Defendant Republic's Agreement with Beemac is a valid, enforceable contract supported by adequate consideration.

25. Defendant Republic has materially breached the Agreement by failing and refusing to make full and immediate payment of the $2,232,811.50 long past due to Beemac for the transportation services Beemac performed pursuant to the Agreement in 2019 and 2020.

26. As a result of Defendant Republic's material breaches, Beemac has been damaged in the amount of not less than $2,232,811.50, excluding interest.

27. Beemac timely, fully and properly performed all of its obligations to Defendant Republic under the Agreement in both 2019 and 2020.

28. Defendant Republic has clearly and materially breached the Agreement by refusing to pay for the invoiced amounts due to Beemac.

29. Defendant Republic's material breaches have been willful, intentional and unprivileged

30. As a direct and proximate result of Defendant Republic's material breaches of the Agreement, Beemac has been damaged.

WHEREFORE, Beemac respectfully requests that judgment be entered in its favor and against Defendant Republic in an amount in excess of $2,232,811.50, plus interest at the maximum allowable rate, all costs incurred in pursuit of this action and for such other and further relief as the Court deems just and proper.

## COUNT II

### UNJUST ENRICHMENT

31. Beemac incorporates Paragraphs 1 through 30 of the Complaint as though they were set forth at length herein.

32. By repeatedly requesting and repeatedly accepting Beemac's transportation services for Defendant Republic's business needs, use and benefit in 2019 and 2020 without fair payment or consideration to Beemac, Defendant Republic has been unjustly enriched for its own gain to the substantial detriment of Beemac.

33. Accordingly, it would be unjust and inequitable for Defendant Republic to retain the benefit of Beemac's substantial transportation services in 2019 and 2020 without repayment in full to Beemac.

WHEREFORE, Beemac respectfully requests that judgment be entered in its favor and against Defendant Republic in an amount in excess of $2,232,811.50, plus interest at the maximum allowable rate, all costs incurred in pursuit of this action and for such other and further relief as the Court deems just and proper.

## COUNT III

### ACCOUNT STATED

34. Beemac incorporates Paragraphs 1 through 33 of the Complaint as though set forth at length herein.

35. Beemac has demanded that Defendant Republic repay the $2,232,811.50 due to Beemac. Defendant Republic has not credibly denied or counter-demanded that the $2,232,811.50 is due in full and owing to Beemac.

WHEREFORE, Beemac respectfully requests that judgment be entered in its favor and against Defendant Republic in an amount in excess of $2,232,811.50, plus interest at the maximum allowable rate, all costs incurred in pursuit of this action and for such other and further relief as the Court deems just and proper.

## COUNT IV

## FRAUD IN THE INDUCMENT

36. Beemac incorporates paragraphs 1 through 35 of the Complaint as though they were fully set forth at length herein.

37. Defendant Republic materially and intentionally misrepresented, omitted and/or failed to disclose facts that it had a duty to disclose, including that Defendant Republic would not pay Beemac for the transportation services it provided to Defendant Republic for the agreed upon rates in 2019 or 2020.

38. As such, Defendant Republic materially misrepresented, omitted and/or failed to disclose that the representations it made to Beemac regarding the agreed upon rate structure for 2019 and 2020 were false, misleading, incomplete and/or were inaccurate.

39. Beemac was justified and reasonably relied at all material times on Defendant Republic's material, yet false, representations that it would pay Beemac for the transportation services that Beemac provided at the agreed upon rates in both 2019 and 2020. At the time of Defendant Republic's material misrepresentations and/or omissions, Beemac was unaware of their falsity and believed Defendant Republic's representations to be true.

40. At the time Defendant Republic made its material misrepresentations and omissions to induce Beemac to provide the substantial transportation services at the agreed upon rates in both 2019 and 2020, Defendant Republic knew or should have known that it would not or could not pay Beemac for the substantial services for the agreed upon rates in either 2019 or 2020.

41. Defendant Republic's material representations were made with knowledge of their falsity and with the intent to mislead and induce Beemac to provide the transportation services for

the agreed upon rates pursuant to the Agreement for the Defendant Republic's business needs and benefit in both 2019 and 2020.

42. Defendant Republic knew that Beemac relied upon its material representations and/or omissions of fact as an inducement to provide Beemac's transportation services at the agreed upon rates in both 2019 and 2020.

43. Had Beemac known of Defendant Republic's intentional and material misrepresentations and omissions, it would not have entered into the Agreement and provided the transportation services for the benefit of Defendant Republic and the ultimate detriment of Beemac.

44. As a proximate result of Defendant Republic's intentional and material misrepresentations, inducements and omissions, Beemac has sustained substantial damages.

45. The tortious conduct of Defendant Republic was knowingly, deliberately and intentionally committed without any privilege or justification.

WHEREFORE, Beemac respectfully requests that judgment be entered by the Court against Defendant Republic in an amount of $2,232,811.50 plus interest at the maximum allowable rate, punitive damages and for such other and further relief that the Court deems just and proper.

## COUNT V

### NEGLIGENT MISREPRESENTATION

46. Beemac incorporates paragraphs 1 through 45 of this Complaint as though they were fully set forth at length herein.

47. Defendant Republic made misrepresentations of material facts to Beemac regarding the payment to Beemac for its transportation services at the agreed upon rates in both 2019 and 2020.

48. Defendant Republic's representations to Beemac that it accepted and agreed to pay Beemac for the agreed upon rates in both 2019 and 2020 were made to induce Beemac to enter into the Agreement and to provide the transportation services that Defendant Republic sought for its business needs and benefit in 2019 and 2020 under circumstances that were false.

49. Defendant Republic made these material misrepresentations with the intent that Beemac would rely on them and enter into the Agreement and with the additional intent that Beemac would provide the transportation services for the benefit of Defendant Republic in both 2019 and 2020.

50. As a proximate result of Defendant Republic's substantial, continuous and material misrepresentations, inducements and omissions, Beemac has sustained substantial damages.

WHEREFORE, Beemac respectfully requests that judgment be entered by the Court against Defendant Republic in the amount of $2,232,811.50 plus interest at the maximum allowable rate, punitive damages and for such other and further relief that the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: September 2, 2020

Respectfully submitted,

Daniel B. McLane
Pa. ID No. 77019

dmclane@eckertseamans.com

Thomas E. Sanchez
Pa. ID No. 311199
tsanchez@eckertseamans.com

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
(412) 566-6000
(412) 566-6099 *(facsimile)*

*Attorneys for Plaintiff, Beemac, Inc.*

## VERIFICATION

I, Loren Dworakowski, the undersigned individual, depose and say that I am authorized to execute this Verification on behalf of Beemac, Inc. and that the averments in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and further that these averments are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

BEEMAC, INC.

Dated: September 1, 2020

By: */s/ Loren Dworakowski*
Loren Dworakowski

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

_____
Daniel B. McLane
Pa. I.D. No. 77019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served upon the following by email this 2nd day of September, 2020:

> Seth J. Linnick, Esq.
> Tucker Ellis, LLP
> 950 Main Avenue, Suite 1100
> Cleveland, OH 44113-7213

Daniel B. McLane