IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEEMAC, INC., | : |
| Plaintiff | : |
| v. | : Case No. 2:20-cv-01458-WSS |
| REPUBLIC STEEL, | : |
| Defendant | : |

**PLAINTIFF BEEMAC, INC.'S CONCISE STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56(B)(1) and the Court's August 10, 2022 Order (ECF 52), Plaintiff Beemac, Inc. ("Beemac") respectfully submits this Concise Statement of Material Facts in Support of its Motion for Partial Summary Judgment. The exhibits cited below are included in the accompanying Appendix.

**I.    CONCISE STATEMENT OF MATERIAL FACTS**

**A.    The Parties and Their Business Relationship**

1. Beemac is a professional trucking and logistics company that provides trucking, logistics, and other transportation services to customers in various industries, including the steel industry. *See* Ex. A, Beemac's Complaint at ¶ 5; Ex. B, Republic Steel's Answer at ¶ 5; Ex. C, Deposition Transcript of Loren Dworakowski ("Dworakowski Dep.") at 35-37.

2. Deemac Services, LLC is a related company, which also provides trucking services to customers in the steel industry. *See* Ex. C, Dworakowski Dep. at 38-39.

3. Beemac and Republic Steel ("Republic') had a business relationship from at least 2009 until July 2020. *See* Ex. C, Dworakowski Dep. at 45-46; Ex. D, Deposition Transcript of Elizabeth Evans ("Evans Dep.") at 28.

4.	Deemac and Republic had a business relationship from approximately 2013 or 2014 until July 2020.  *See* Ex. C, Dworakowski Dep. at 48; Ex. D, Evans Dep. at 28.

**B.	Republic Admits That It Contracted with Beemac and Deemac in 2019 and 2020.**

5.	Elizabeth Evans, Republic's General Counsel, Executive Vice-President, and Secretary, was deposed in this action individually and as Republic's designated Fed. R. Civ. P. 30(b)(6) witness.  *See* Ex. D, Evans Dep. at 6.

6.	Ms. Evans admitted that, in 2019 and 2020, Beemac and Republic entered into multiple agreements for flatbed truck load shipment services:

> Q.	In paragraph 10 and 11 in Republic's answer it is admitted it entered into agreements with Beemac in 2019 and '20 for flat bed truckload shipment services.  You agree with me there, I take it?
>
> A.	Yes.

*See* Ex. D, Evans Dep. at 19; *see also id.* at 43; Ex. B, Republic's Answer at ¶ 10 ("Further answering, Republic admits that it entered into agreements with Beemac in 2019 and 2020 for flatbed truck load shipment services."); Ex. B, Republic's Answer at ¶ 11 (same).

7.	Republic admitted that Beemac provided transportation services to Republic pursuant to its obligations under those agreements in 2019 and 2020.  *See* Ex. B, Republic's Answer at ¶¶ 12, 14.

8.	Indeed, Ms. Evans admitted that Republic had "multiple agreements at all times going" with Beemac and Deemac with respect to different shipments to be transported on certain lanes.  *See* Ex. D, Evans Dep. at 23.

9.	Republic did not have a "formal contract" with Beemac or Deemac for a specific amount of services, and Ms. Evans admitted that the rates charged by Beemac or Deemac to

Republic with respect to certain shipments were always subject to change based on verbal or written communications between the parties:

> So the way that logistics services have been handled for Republic, either through TI [Transportation Insight] or through directly with Republic, are on – it could be daily, weekly, or monthly basis.
>
> It is very casual. It is not a formal contract that says you will provide X amount of logistics services at X rate for a year is not how it has ever been done. So there were multiple agreements at all times going.
>
> So either phone calls or emails. "I have a lane from Lackawanna to this customer in New York, do you want it?"
>
> The representatives of Beemac and Deemac on the lower level – I'm blanking on their names, they will come to me – would respond and say, "Yes, this rate." Or "Yes, I will take it." Because the rates we had already established were acceptable.
>
> If they wanted to change the rates, they would come back and ask for different rates. If we wanted to change the rates, we would ask for different rates, either verbally or in emails.
>
> And there would be new agreements made every time that happens.

*See* Ex. D, Evans Dep. at 23-24.

10. After the parties agreed on a rate for a certain shipment on a certain lane, a bill of lading would be issued. *See* Ex. C, Dworakowski Dep. at 57, 94-95.

11. After Beemac delivered the shipment and Republic accepted the benefit of Beemac's completed services, Beemac would issue an invoice to Republic. *See* Ex. C, Dworakowski Dep. at 97-98.

12. In discovery, Republic produced an Excel spreadsheet generated "from one of Republic's systems that lists out every load Beemac or Deemac took for Republic – on behalf of Republic" from approximately "January 2019 through July of 2020." *See* Ex. D, Evans Dep. at

28; Ex. E, Republic's All Loads Spreadsheet, REPUBLIC_PA_000258 – REPUBLIC_PA_001176.

13. The second tab of the Excel spreadsheet referenced in Paragraph 12 of this Concise Statement of Material Facts lists 20,062 orders that Beemac transported on behalf of Republic from January 2019 through July 2020. *See* Ex. E, Republic's All Loads Spreadsheet, REPUBLIC_PA_000258 – REPUBLIC_PA_001176.[1]

**C.   The Amounts Republic Failed to Pay to Beemac**

14. In discovery, Beemac produced an Excel spreadsheet, and the corresponding bills of lading and invoices, identifying 4,961 orders it transported on behalf of Republic in 2019 and 2020 that Republic failed to fully pay. *See* Ex. F, Beemac's Damages Spreadsheet, BEEMAC000367.

15. The Damages Spreadsheet produced by Beemac and referenced in paragraph 14 of this Concise Statement of Material Facts contains eight separate tabs, each of which contains detailed information regarding every completed order that Beemac transported on behalf of Republic and for which Beemac demands payment from Republic. *See* Ex. G, Beemac's Supplemental Responses to Republic's First Set of Interrogatories at Interrogatory No. 12(e).

---

[1] The document attached as Exhibit E contains the designation, "CONFIDENTIAL – Subject to Protective Order." No confidentiality protective order, however, was ever entered in this action. On July 1, 2022, counsel for Beemac sent a letter to counsel for Republic, stating that "[i]f Republic Steel seeks to have documents restricted as confidential, it should move the Court for a protective order" and that Beemac was "willing to consider a reasonable stipulation for documents that actually qualify" as confidential. *See* Ex. M at 1. After receiving no response, counsel for Beemac sent another letter to counsel for Republic on July 29, 2022. *Id.* at 2. In that second letter, counsel for Beemac advised that they "are proceeding upon the understanding that Republic has withdrawn all of its 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER' designations" because Republic did not respond to the July 1, 2022 letter or move for a protective order. *Id.*

16. In total, Beemac's Damages Spreadsheet referenced in paragraphs 14 and 15 of this Concise Statement of Material Fact contains a total amount due and owing to Beemac from Republic of $2,232,811.50, not including interest. *See* Ex. F, Beemac's Damages Spreadsheet, BEEMAC000367; Ex. G, Beemac's Supplemental Responses to Republic's First Set of Interrogatories at Interrogatory No. 12(e).

17. Republic has represented to this Court that it "has gone through every single entry on [Beemac's] Damages Spreadsheet and determined whether Republic's own records match the amount Beemac claims." *See* Ex. H, Republic's July 15, 2022 Motion to Compel at 1.

18. In discovery, Republic expressly admitted that "[t]he amounts that Republic agrees that Beemac is owed are listed in REPUBLIC_PA_001242." *See* Ex. I, Republic's Fourth Amended Responses to Beemac's First Set of Interrogatories at Interrogatory No. 6.

19. The document produced by Republic at REPUBLIC_PA_001242 admits an open balance of $1,065,094.66 due and owing to Beemac. *See* Ex. J, Republic's "Beemac Open AP" Document, REPUBLIC_PA_001242.[2]

20. The "Beemac Open AP" Document produced by Republic and referenced in Paragraph 19 of this Concise Statement of Material Facts only includes orders that Beemac transported on behalf of Republic in 2020. *See* Ex. D, Evans Dep. at 49.

21. With respect to Beemac's claims that Republic also failed to pay for services Beemac rendered in 2019, Ms. Evans admitted on behalf of Republic that Republic owes additional amounts to Beemac for shipment services that Beemac provided to Republic in 2019:

> Q.   I will hand you Exhibit 9 [REPUBLIC_PA_042836]. Is this the spreadsheet you are referring to? And take time to look through it.

---

[2] *See supra* footnote 1.

5

> A. It appears to be.
>
> . . . .
>
> Q. And so we were talking earlier about some unpaid 2019 invoices from Beemac. Do you acknowledge that this document, Exhibit 9, includes some of those invoices that may have amounts due from Republic?
>
> A. Yes.
>
> . . . .
>
> Q. So when we look to the right, under amount owed, this is an acknowledgement by Republic, when we see an amount entered, that those amounts based on Republic's view are still owed to Beemac?
>
> A. Yes.
>
> Q. And that amount Republic also acknowledges it owes to Beemac?
>
> A. Yes . . . .

See Ex. D, Evans Dep. at 68-70; see also id. at 54.

22. Ms. Evans admitted that Republic owes to Beemac the amounts set forth in the document produced by Republic at REPUBLIC_PA_042836, which was marked as Exhibit 9 at her deposition:

> Q. So when we look at that math and acknowledgments in Exhibit 9 versus what is tallied up in Exhibit 6, what amount does Republic acknowledge is due? The amounts in Exhibit 6, or the tallies in Exhibit 9?
>
> A. Exhibit 9.

See Ex. D, Evans Dep.at 74.

23. The document produced by Republic at REPUBLIC_PA_042836, which was marked as Exhibit 9 at the deposition of Ms. Evans, sets forth a total amount of $1,237,408.02 that

Republic admits is due and owing to Beemac by Republic. *See* Ex. K, Excel Spreadsheet produced by Republic at REPUBLIC_PA_042836.

24. In a July 15, 2022 pleading, Republic expressly represented to this Court that it "conceded that it owes $1,237,308.02 to Beemac." *See* Ex. H, Republic's July 15, 2022 Motion to Compel at 1.

25. The $1,237,308.02 amount that Republic admits it owes to Beemac corresponds with 1,846 of the 4,961 orders set forth on Beemac's Damages Spreadsheet. *See* Ex. K, Excel Spreadsheet produced by Republic at REPUBLIC_PA_042836.

26. At her deposition, Ms. Evans admitted on behalf of Republic that Beemac has not been paid for all of the services it provided to Republic, and which Republic accepted, in 2019 and 2020. *See* Ex. D, Evans Dep. at 45, 49, 69-74, 96.

27. Ms. Evans admitted that Republic has not paid the amount of $1,237,308.02, or any portion for that amount, to Beemac:

> Q. Setting aside whether you think you have counterclaims or offsets, just simple math, this is an amount that Republic acknowledge[s] has not been paid for services rendered by Beemac?
>
> A. Yes.
>
> Q. And those include both 2019 and 2020 invoices in aggregate?
>
> A. Yes.

*See* Ex. D, Evans Dep.at 74-75; *see also id.* at 96.

28. In July 2020, Republic made the decision to stop making any payments to Beemac and Deemac. *See* Ex. D, Evans Dep. at 98-99.

29. In July 2020, Republic ceased transacting business with Beemac and Deemac. *See* Ex. D, Evans Dep. at 28.

**D.     Republic Has Not Asserted a Counterclaim or Affirmative Defense for an Offset.**

30. In discovery, Republic asserted that "the total amounts due and owing [to Beemac] are in dispute, at least in part, due to the offset owed to Republic related to Beemac's breach of the oral contract with Republic to provide one-way transportation to Republic's Lackawanna facility for $750.00 per load." *See* Ex. I, Republic's Fourth Amended Responses to Beemac's First Set of Interrogatories at Nos. 6-8, 10, 12.

31. Republic's Answer, however, does not contain a counterclaim for an offset or an affirmative defense for an offset. *See* Ex. B, Republic's Answer.

32. Ms. Evans, Republic's General Counsel, admitted on behalf of Republic that Republic "doesn't appear to have a claim against Beemac in [its] answer." *See* Ex. D, Evans Dep. at 50-51.

33. Republic filed a separate lawsuit against Beemac and Deemac in the U.S. District Court for the Northern District of Ohio (the "Ohio Action") regarding Beemac's purported breach of an alleged oral contract to provide one-way transportation to Republic's Lackawanna facility for $750.00 per load. *See* Ex. D, Evans Dep. at 51.

34. Republic's Ohio Action against Beemac and Deemac is pending at No. 5:21-cv-00103 in the U.S. District Court for the Northern District of Ohio. *See* Ex. L, Fed. R. Civ. P. 26(f) Report of the Parties at ¶ 6.

E. **Republic's Fourth Affirmative Defense for Accord and Satisfaction**

35. In its Answer, Republic asserted a Fourth Affirmative Defense, stating: "The claims against Republic are barred, in whole or in part, by the doctrine of accord and satisfaction." *See* Ex. B, Republic's Answer at pg. 6.

36. In discovery, Republic asserted that "after various attempts to reconcile the amount due for 2019 to both Beemac and Deemac, the parties mutually agreed that $500,000 would satisfy the 2019 accounts in full." *See* Ex. I, Republic's Fourth Amended Responses to Beemac's First Set of Interrogatories at Nos. 6-8, 10, 12.

37. At her deposition, Ms. Evans admitted on behalf of Republic that the purported agreement to resolve the amounts that Republic owed to Beemac and Deemac for services Beemac and Deemac rendered to Republic in 2019 was never put into writing:

> Q. Did you ever send anything in writing, email or written, or any other form of documentary confirmation that an agreement had been reached to pay 500,000?
>
> A. No.

*See* Ex. D, Evans Dep. at 114; *see also id.* at 115 ("There was nothing in writing.").

38. At her deposition, Ms. Evans admitted on behalf of Republic that Republic never sought a release from Beemac and Deemac in connection with the purported agreement to resolve the amounts that Republic owed to Beemac and Deemac for services Beemac and Deemac rendered to Republic in 2019:

> Q. Did you seek a release?
>
> A. No.

*See* Ex. D, Evans Dep. at 115.

39. At her deposition, Ms. Evans admitted on behalf of Republic that Republic never made payment of $500,000 to resolve the amounts that Republic owed to Beemac and Deemac for services Beemac and Deemac rendered to Republic in 2019:

> Q. Did Republic actually make payment of the alleged 500,000 dollars?
>
> A. It was supposed to start in August. It was a monthly plan of 100,000 dollars a month August through December.
>
> Q. That's not my question. Did it pay it?
>
> A. No.

See Ex. D, Evans Dep. at 114; *see also id.* at 131.

Dated: September 16, 2022

Respectfully submitted,

/s/ *Daniel B. McLane*
Daniel B. McLane (Pa. ID No. 77019)
Thomas E. Sanchez (Pa. ID No. 311199)
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802
(412) 497-1000 (telephone)
(412) 497-1001 (facsimile)
dbmclane@duanemorris.com
tesanchez@duanemorris.com

*Attorneys for Plaintiff,
Beemac, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Concise Statement of Material Facts in Support of Motion for Partial Summary Judgment was served via the Court's CM/ECF System upon the following this 16th day of September, 2022:

Seth J. Linnick, Esq.<br>
Dustin B. Rawlin, Esq.<br>
Nelson Mullins Riley &amp; Scarborough LLP<br>
1111 Superior Avenue, Suite 530<br>
Cleveland, OH 44114<br>
seth.linnick@nelsonmullins.com<br>
ashley.saferight@nelsonmullins.com

                                                     /s/ *Daniel B. McLane*
                                                     Daniel B. McLane