IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEEMAC, INC., : | |
|        Plaintiff : | |
| v. : | Case No. 2:20-cv-01458-WSS |
| REPUBLIC STEEL, : | |
|        Defendant : | |

**PLAINTIFF BEEMAC, INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff Beemac, Inc. ("Beemac") respectfully requests the Court for leave to submit the attached two-page sur-reply in response to a new argument made by Defendant Republic Steel ("Republic") in its Reply Brief in Support of its Motion for Partial Summary Judgment (ECF 67). Beemac conferred with Republic before filing this Motion, and Republic does not oppose Beemac's filing of this Motion.

### I.    MOTION

The Court may grant leave to file a sur-reply to respond to new evidence, facts, or arguments. *See Cornerstone Residence, Inc. v. City of Clairton*, No. 17-cv-706, 2018 WL 306670, at *4 (W.D. Pa. Jan. 5, 2018) (noting that a party should be permitted to respond to new arguments raised in a reply by way of a sur-reply); *Sierra Club v. NRG Power Midwest LP*, No. 19-cv-1284 (W.D. Pa. Feb. 29, 2020) (Dkt. No. 26) (granting motion for leave to file sur-reply) (Stickman, J.).

In its Reply Brief, Republic raises, for the first time, an argument based on a declaration of Loren Dworakowski that Beemac and Deemac Services, LLC ("Deemac") submitted in support of a motion to transfer venue filed in a separate action that is now pending in the U.S. District Court for the Northern District of Ohio, *Republic Steel v. Beemac, Inc. and Deemac Services, LLC*, No. 5:21-cv-103 (the "Ohio Action"). Beemac seeks leave to file a sur-reply because: (1) Republic

could have, but did not, raise the argument in its opening brief, thereby depriving Beemac of a chance to respond to it in its Opposition; and (2) Republic inaccurately asserts that statements made in Mr. Dworakowski's declaration regarding a separate alleged oral agreement (the existence of which Beemac disputes) are applicable to the agreements at issue here.

*First*, Republic could have, but failed to, raise the new argument in its opening brief and make the declaration part of the summary judgment record. Indeed, the declaration is dated January 21, 2021, and Republic did not move for partial summary judgment until September 16, 2022, about 21 months later. Republic also cannot claim that it could not anticipate its purported need to rely on the declaration until Beemac filed its Opposition because, in its opening brief, Republic asserted that the parties "entered into a binding oral contract." ECF 53 ¶ 4; *see also* ECF 63 at 14 ("Beemac's unjust enrichment claim cannot proceed in light of the parties' oral contract."); *id*. at 16 ("Beemac and Republic do not dispute that the parties entered into a binding oral contract supported by consideration that governed Republic's payment to Beemac for its provision of trucking services in 2019 and 2020."); *id*. (stating that "[t]he material terms of the oral contract are not in dispute"). However, for the first time in its reply brief, Republic seeks to undercut its own assertion by claiming that Mr. Dworakowski's declaration in the Ohio Action contradicts any assertion that the parties' agreements at issue here "were reached orally." ECF 67 at 4 n.2. If Republic wanted to cite the declaration to somehow support its argument that Beemac has not proffered sufficient evidence of the enforceability of the parties' agreements, it could have done so in its opening brief. Given that Republic elected to do so for the first time in its reply brief, Beemac had no prior opportunity to respond and respectfully requests leave to do so in a sur-reply.

*Second*, Republic mischaracterizes certain statements made in Mr. Dworakowski's declaration regarding an alleged oral agreement (the existence of which Beemac disputes) as being

applicable to the agreements at issue in this action. As set forth in the attached sur-reply, the purported oral agreement at issue in the Ohio Action is entirely separate from the agreements at issue here. Indeed, as the Ohio court acknowledged, Republic itself has represented that the actions involve "different contracts for different services." *Republic Steel v. Beemac, Inc.*, 2022 WL 2872295, at *3 (N.D. Ohio July 21, 2022). Given that Republic did not include any argument based on Mr. Dworakowsi's declaration in its opening brief, Beemac respectfully requests leave of Court to file the attached two-page sur-reply.

Dated: November 7, 2022

Respectfully submitted,

/s/ *Daniel B. McLane*
Daniel B. McLane (Pa. ID No. 77019)
Thomas E. Sanchez (Pa. ID No. 311199)
DUANE MORRIS LLP
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222-3112
(412) 497-1000 (telephone)
(412) 497-1001 (facsimile)
dbmclane@duanemorris.com
tesanchez@duanemorris.com

*Attorneys for Plaintiff,*
*Beemac, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record this 7th day of November, 2022.

/s/ *Daniel B. McLane*
Counsel for Beemac, Inc.